IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Scott H.,[*] | ) | Case No. 5:23-cv-02440-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on an action brought by Plaintiff pursuant to 42 U.S.C. Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

On May 28, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Commissioner's decision be affirmed. [Doc. 23.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [Doc. 23-

---

[*] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

1.]  Plaintiff filed objections to the Report, and the Commissioner filed a reply.  [Docs. 27; 29.]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Under 42 U.S.C. § 405(g), the Court's review of the Commissioner's denial of benefits is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Id.* (internal quotation marks omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  *Id.*

Consequently, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Report found that the ALJ's conclusions are comfortably within the bounds of the substantial evidence standard and should therefore be affirmed. [Doc. 23 at 20.] Plaintiff, however, directs the Court back to the arguments in his initial brief and response brief contending that the ALJ failed to properly weigh the opinion evidence of Physician Assistant Flassing. [Doc. 27 at 1.] With respect to the findings in the Report, Plaintiff argues that the Magistrate Judge did not address the flawed rationale provided by the ALJ that Plaintiff discussed in his briefs. [*Id*. at 3–4.]

As an initial matter, the Report correctly finds that, based on the filing date of the application, the regulations in effect at the time of Plaintiff's claim did not consider a physician assistant an acceptable medical source, but considered him an "other source." [Doc. 23 at 15 n.8]; *see* 20 C.F.R. § 404.1502(a)(8) (including physician assistants as "acceptable medical sources" only for claims filed on or after March 27, 2017). An ALJ is not required to give controlling weight to the opinions of other sources, such as a physician assistant; rather the ALJ should consider information from "other sources" to determine whether such information "support[s] or contradict[s] a medical opinion." SSR 06-03p, 2006 WL 2329939, at *4 (Aug. 9, 2006). The Magistrate Judge found that the ALJ properly followed this regulation.

Specifically, the Magistrate Judge found that the ALJ properly (1) gave "little weight" to PA Flassing's 2017 opinion because it lacked explanation for activity restrictions when he did not treat or examine him for physical problems and he reported

3

that medications were effective; (2) gave "some weight" to PA Flassing's 2018 opinion finding Plaintiff would not be reliable with coworkers, customers, or supervisors, consistent with the evidence or record; (3) found his 2018 opinion that Plaintiff had limited ability to meet production demands was "somewhat supported by the evidence"; and (4) gave "little weight" to PA Flassing's 2022 opinion that Plaintiff would be off task more than 15% of the day and miss more than three days of work per month, finding those opinions were not supported by his treatment notes. [*Id*. at 17–18.] The Magistrate Judge concluded that "[t]he ALJ considered PA Flassing's opinions and adequately explained the weight given to the opinions sufficient to allow the court to follow his reasoning." [*Id*. at 20.]

The Court finds that Plaintiff's objections merely regurgitate the arguments outlined in his brief. Nonetheless, out of an abundance of caution, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court ACCEPTS the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 13, 2024
Columbia, South Carolina